## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIGUELO MORALES, | ) | |
| | ) | Civil Action No. 11 – 290J |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Chief Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM OPINION</u>

Miguelo Morales ("Petitioner") is a federal prisoner incarcerated at the Moshannon Valley Correctional Center in Philipsburg, Pennsylvania.  He has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  He seeks a court order that would result in the shortening of his sentence by requiring the Bureau of Prisons ("BOP") to compute his 120-month term of imprisonment imposed by the United States District Court for the District of Columbia (Criminal No. 01-0296) to run concurrently with his 46-month term of imprisonment imposed by the United States District Court for the Eastern District of Pennsylvania (Criminal No. 02-00326) and by reducing his current term of imprisonment by the time he spent in custody from the date of his arrest on June 4, 2002.  Finally, he contends that the judge for the D.C. District Court intended to adjust his sentence pursuant to § 5G1.3 of the United States Sentencing Guidelines ("USSG").  Because Petitioner's claims have already been litigated, denied and affirmed on appeal by the Third Circuit Court of Appeals, his habeas petition will be dismissed.

### A.  Relevant Factual and Procedural History[1]

On August 23, 2001, a federal grand jury in the United States District Court for the District of Columbia returned a 13-count indictment naming Petition and others as defendants for criminal conduct which took place between 1996 and 2001.  Petitioner was arrested by federal authorities on June 4, 2002.  On June 5, 2002, a grand jury in the Eastern District of Pennsylvania returned an indictment charging Petitioner with drug felonies concerning the distribution of heroin and cocaine.  *See* United States v. Morales, Criminal No. 02-00326-01 (E.D. Pa.).  Petitioner pleaded guilty in the Eastern District of Pennsylvania on August 25, 2003 to Distribution of Heroin and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2.  He was sentenced on November 25, 2003 to a 46-month term of imprisonment with a three (3) year term of supervised release to follow.

On October 5, 2005, Petitioner satisfied the 46-month sentence imposed by the district court in the Eastern District of Pennsylvania.  On September 21, 2006, Petitioner pleaded guilty in the United States District Court for the District of Columbia to Conspiracy to Distribute and Possession with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 846, 841 (a)(1) and (b)(1)(A)(ii).  He was sentenced on February 9, 2007 to a 120-month term of imprisonment, with a five (5) year term of supervised release to follow.  The Court recommended its sentence to run concurrently with the sentence imposed by the district court for the Eastern District of Pennsylvania.  It also recommended that Petitioner receive credit for time served since his arrest on June 4, 2002.  In the Statement of Reasons (SOR), the sentencing court indicated that by

---

[1] The relevant factual and procedural history is taken from the undersigned's Report and Recommendation dated September 20, 2010 filed in Petitioner's prior § 2241 federal habeas proceedings, Civil Action No. 09-265J.  The Court takes judicial notice of the pleadings in Civil Action No. 09-265J.  *See* Ernst v. Child and Youth Services of Chester Co., 108 F.3d 486, 498-99 (3d Cir. 1997) (holding "the court may take judicial notice of its own records, especially in the same case.") (citations and internal quotations omitted).

imposing a 120-month sentence, it had downwardly departed from the applicable guideline range of 188 to 235 months, pursuant to a 5K1.1 Plea Agreement based on Petitioner's substantial assistance. The SOR made no reference to USSG §§ 5G1.3, 5K2.23, or to a sentence adjustment/downward departure based upon the relationship between the District of Columbia offense conduct and the conduct underlying the Eastern District of Pennsylvania sentence.

Taking into account sentencing credit and good time credit, Petitioner's projected release date is June 23, 2014.

**B.  Prior Federal Habeas Corpus Proceeding**

In October 2009, Petitioner filed a petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241 in this Court claiming that he was in custody in violation of the federal sentencing statutes because the federal BOP calculated his sentences incorrectly. *See* Civil Action No. 09-265J, ECF No. 4. In his petition, he contended that his current federal sentence, which was imposed by the United States District Court for the District of Columbia, should be computed as running concurrently with his criminal sentence previously imposed by the United States District Court for the Eastern District of Pennsylvania. Id. He also alleged that the district court for the District of Columbia intended to adjust his sentence pursuant to USSG § 5G1.3. Id.

In a Report and Recommendation filed on September 22, 2010, the undersigned concluded that: "The record evidence, however, shows that Petitioner is not entitled to the credit he seeks because he completed service of the sentence imposed by the district court in the Eastern District of Pennsylvania before he was sentenced in the District of Columbia." Id. at ECF No. 15, p.1. Concerning Petitioner's claim for concurrency, the undersigned noted:

> While the Judgment and Commitment Order for the DC sentence directed its
> sentence to run concurrently with the sentence "Petitioner was currently serving
> with the state of Pennsylvania," as noted above, Petitioner was not subject to any

Pennsylvania sentence at the time the DC sentence was imposed on February 9, 2007; it had expired on October 5, 2005.  A concurrent sentence commences on the date it is imposed.  Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983) ("Precedent in point confirms that a federal sentence made concurrent with a sentence already being served does not operate in a "fully concurrent" manner. Rather, the second sentence runs together with the remainder of the one then being served.").

Moreover, while the Judgment also recommended that Petitioner receive credit for time served since his arrest on June 4, 2002, BOP did credit him with this time on his Pennsylvania sentence, which was reduced by the entire time he was in custody from June 4, 2002 through November 24, 2003, the date his Pennsylvania sentence commenced.  Moreover, he received credit of his DC sentence for all time he was in custody from October 6, 2005 through February 8, 2007, the day before his DC sentence commenced.  Because all the time Petitioner served in official detention prior to February 9, 2007 was credited against the Eastern District of Pennsylvania sentence, Petitioner is not entitled to additional prior custody credit against the District of Columbia sentence.  Accord United States v. Wilson, 503 [U.S. 329,] at 333 [(1992)].

With regard to Petitioner's contention concerning USSG § 5G1.3, it was noted:

Petitioner appears to argue that because the offense conduct underlying the Pennsylvania sentence was relevant to the conduct underlying the DC sentence, his DC sentence should be adjusted for the period of imprisonment served on the Pennsylvania sentence under [USSG § 5G1.3], . . . .

**** 

[However,] [t]he plain language in § 5G1.3 reflects that it impacts only **undischarged** terms of imprisonment.  In this case, at the time the DC sentence was imposed on February 9, 2007, the Pennsylvania sentence had been satisfied (or fully discharged) as of October 5, 2005.  As such, there was no undischarged portion of the Pennsylvania sentence upon which to base a § 5G1.3 adjustment.

Moreover, in 2003, an amendment to the 5G1.3 Application Notes provided that subsection (c) does not authorize a sentencing court to make an adjustment for time served on a prior undischarged term of imprisonment and that a sentencing court may consider a downward departure only in extraordinary cases.  This Note specifically provides that any downward departure must be clearly stated on the Judgment in a Criminal Case Order as a downward departure pursuant to § 5G1.3(c), rather than as a credit for time served.  See U.S. Sentencing Guidelines Manual § 5G1.3 app. note 3(E).  Thus, in order to apply § 5G1.3 to the instant action, the judgment in Petitioner's criminal case order must clearly provide for a downward departure pursuant to § 5G1.3(c) rather than a credit for time served.

4

> However, this judgment fails to show that by imposing a concurrent sentence, the federal sentencing court also intended to downwardly depart from the applicable sentencing guideline range under § 5G1.3.  Consequently, for the foregoing reasons, Petitioner has not demonstrated that he is entitled to habeas corpus relief.

Id. at pp. 6-9.  The undersigned's Report and Recommendation was adopted by District Judge Kim R. Gibson by Memorandum Order dated October 18, 2012.  Id. at ECF No. 17.  On direct appeal, the United States Court of Appeals for the Third Circuit summarily affirmed this Court's decision stating, "The core issue on appeal is whether the start date of Petitioner's DC sentence can be pushed back to the start of his PA sentence.  We are in full accord with the district court that it cannot."  Id. at ECF No. 21-1, p. 5.

Petitioner initiated this action by filing an "Application to Amend Sentencing Order," in the United States District Court for the District of Columbia.  That Court construed the matter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and transferred the matter here.

## C.  Discussion

Section 2244(a) of Title 28 of the United States Code provides that, "[n]o circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."  28 U.S.C. § 2244(a).  The Third Circuit Court of Appeals has held that, since § 2244(a) by its terms applies to any application for a writ of habeas corpus filed by a person who is in detention pursuant to a judgment of a court of the United States, that section bars successive § 2241 petitions directed to the same issues in regard to the execution of a sentence.  *See* Queen v. Miner, 530 F.3d 253 (3d Cir. 2008); *accord* Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998).  Moreover, since

the "abuse of the writ" doctrine addressed in <u>McCleskey v. Zant</u>, 499 U.S. 467, 494-95 (1991), governs sequential § 2241 filings, *see* <u>Zayas v. Immigration & Naturalization Service</u>, 311 F.3d 247, 256-58 (3d Cir. 2002), "a [§ 2241] petitioner may not raise new claims that could have been resolved in a previous [§ 2241] action."[2] <u>Queen</u>, 530 F.3d at 255.

The instant § 2241 petition presents claims that were previously dismissed by this Court and affirmed on appeal. Petitioner does not raise any new claims in his petition, but, to the extent that he does, those claims are barred by the abuse of the writ doctrine because Petitioner could have raised them in his prior § 2241 petition and he has not shown cause and prejudice or that a fundamental miscarriage of justice would result from a failure to entertain his claim. *See* <u>Boardley v. Grondolsky</u>, 343 F. App'x 837 (3d Cir. 2009); <u>Zayas</u>, 311 F.3d at 257-58; <u>United States v. Roberson</u>, 194 F.3d 408, 410 (3d Cir. 1999). Under these circumstances, the Court will dismiss the instant § 2241 petition as barred by § 2244(a) and the abuse of the writ doctrine. A separate order will follow.

Dated: February 12, 2013.

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc: Miguelo Morales
    53769-054
    Moshannon Valley Correctional Center
    555 I Cornell Drive
    Philipsburg, PA 16866

---

[2] Under the abuse of the writ doctrine, a federal court "may not reach the merits of: (a) successive claims that raise grounds identical to grounds heard and decided on the merits in a previous petition; (b) new claims, not previously raised, which constitute an abuse of the writ," unless a habeas petitioner shows cause and prejudice or a fundamental miscarriage of justice. <u>Sawyer v. Whitley</u>, 505 U.S. 333, 338 (1992).

Counsel of Record